UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Kristine M. West,

          Plaintiff,

v.

Townsquare Media, Inc., *a Delaware corporation*,

          Defendant.

Case No. 19-cv-1219 (DSD/SER)

**REPORT AND RECOMMENDATION**

---

This matter is before the Court on Defendant's Motion for More Definite Statement. (ECF No. 10). For the reasons set forth below, the Court recommends denying the motion.

Under Rule 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "Because of the liberal notice-pleading standard governing federal pleadings 'and the availability of extensive discovery, Rule 12(e) motions are disfavored.'" *Ransom v. VFS, Inc.*, 918 F. Supp. 2d 888, 901 (D. Minn. 2013) (quoting *Radisson Hotels Int'l, Inc. v. Westin Hotel Co.*, 931 F. Supp. 638, 644 (D. Minn. 1996)). "Thus Rule 12(e) provides a remedy for unintelligible pleadings; it is not intended to correct a claimed lack of detail." *Radisson Hotels Int'l, Inc.*, 931 F. Supp. at 644 (quotation omitted); *Boswell v. Panera Bread Co.*, 91 F. Supp. 3d 1141, 1144 (E.D. Mo. 2015). "Therefore, when examining whether a more definite statement is required

1

under Rule 12(e), the only question is whether it is possible to frame a response to the pleading." *Ransom*, 918 F. Supp. 2d at 901 (quotation omitted).

Defendant argues that it needs the following information to answer Plaintiff's complaint: (1) the duty owed by Defendant to Plaintiff; (2) the basis for imposing the duty; (3) when the duty was owed; (4) under what circumstances the duty was owed; (5) whether Plaintiff was a lawful guest at the time of the injury; (6) greater detail as to the cause of Plaintiff's injury; (7) greater detail as to where the injury occurred; (8) how Defendant was negligent in maintaining the walkway; (9) how the breach caused the injury; and (10) greater detail as to Plaintiff's injuries. Defendant's motion seeks to extract additional factual details, making it exactly the type of motion disfavored under Rule 12(e). While Plaintiff's complaint is certainly short and plain, it is not unintelligible and it is possible for Defendant to frame a response thereto. The complaint paints a clear picture: Plaintiff asserts a cause of action against Defendant sounding in negligence following an August 2017 foot injury caused by stepping in a hole on a poorly maintained walkway at Defendant's country music festival at the Soo Pass Ranch in Becker County, Minnesota; Plaintiff asserts that the hole and resulting walkway injury was a result of Defendant's negligence and that, accordingly, Defendant is liable for her damages.

All Defendant's requests are answered by the complaint, even if it may not be with the acuity desired. Per the allegations of the complaint: Plaintiff attended Defendant's music festival, she stepped in a hole on a pedestrian walkway while on the property, and she injured her foot as a result (answering Defendant's requests 5–7, 10); in providing or

permitting a pedestrian walkway, Defendant had a duty to maintain it free of holes for people walking thereupon (answering Defendant's requests 1–4, 8, 9). Just like all other cases, the claims and defenses presented will have to be tested in discovery. A Rule 12(e) motion, however, is not the appropriate means for jumpstarting that process.[1]

Therefore, **IT IS HEREBY RECOMMENDED** that Defendant's Motion for More Definite Statement, (ECF No. 10), be **DENIED** and Defendant be required to answer the complaint within 14 days.

Date: August 26, 2019              *s/ Steven E. Rau*
                                   Steven E. Rau
                                   United States Magistrate Judge
                                   District of Minnesota

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

---

[1] Plaintiff's brief references a possible forthcoming Rule 11 motion for sanctions. The record does not presently warrant the Court's intervention. Fed. R. Civ. P. 11(c)(3) (permitting sanctions on the Court's initiative). While Plaintiff is clearly upset with the pre-litigation claims handling process that led to this lawsuit and the handover from Defendant's insurer to its attorneys, this Court will not impute malicious intent as to Defendant's motion. This Court is hopeful that the parties can engage in productive litigation moving forward.