## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| Kristine M. West, <br><br>    Plaintiff, <br><br>v. <br><br>Townsquare Media, Inc., <br>a Delaware corporation, <br><br>    Defendant. | CASE NO. 19-CV-1219 (DSD/TNL) <br><br>**ORDER FOR <br>SETTLEMENT CONFERENCE** |

    1.    A settlement conference shall be held on **December 18, 2020, at 10:00 a.m.,** in Courtroom 9W, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, before the undersigned United States Magistrate Judge.

    **2.**    **All participants shall plan on spending the entire day and evening, if necessary, at this settlement conference.**  Any flight or other travel reservations made for any time during the above day(s) of the settlement conference, including without limitation, any late afternoon or evening flight, shall be at the sole risk and expense of the person or party making such reservation.

    3.    Counsel who <u>will actually try the case</u> and <u>each party, armed with full settlement authority</u>, shall be present. This means:

        a.    <u>Physical presence in the courthouse shall be mandatory</u>. Electronic availability shall not be deemed to be in compliance with this Order.

      b.      Each party must attend through a person who has the power to change that party's settlement posture during the course of the conference. If the party representative has a limit, or "cap" on his or her authority, this requirement is not satisfied. If individuals are parties to this case, they must be present. If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present. If an insurance company is involved on behalf of any party, a representative of the insurer with full authority to make a final decision and the power to pay the policy limits must also attend the settlement conference.

      c.      If a general counsel or in-house counsel is designated to represent a non-government or non-law practice entity at the settlement conference, then such counsel shall also be accompanied by an entity representative whose primary duties do not entail practicing law on behalf of the entity and who has full authority to make a final decision.

      d.      Pro hac vice counsel who will actually try the case <u>must be present with local affiliated counsel.</u>

4.      If counsel or the parties anticipate needing Internet access, they should make available to themselves the ability to connect wirelessly with the Internet. Counsel and the parties should make all arrangements for any equipment or technology needed for editing or creating settlement documents and the like.

5. In order to encourage the parties to address the issue of settlement on their own, counsel must meet in person with one another on or before **TWO WEEKS EARLIER,** to engage in full and frank discussion of settlement. If the case does not settle, each attorney shall submit to the undersigned on or before **ONE WEEK EARLIER,** a confidential letter setting forth as follows:

    a. The parties' respective settlement positions before the meeting;

    b. The parties' respective positions following the meeting;

    c. A concise analysis of each remaining liability issue, with citation to relevant authority;

    d. A reasoned, itemized computation of each element of the alleged damages, with a concise summary of the testimony of each witness who will testify in support of the damage computations;

    e. A reasoned analysis of the strengths and weaknesses of their client's case;

    f. A reasoned analysis justifying their client's last stated settlement position, as well as any additional information believed to be helpful to the process of reaching agreement; and

    g. An estimated statement of attorney's fees and costs needed to (1) complete dispositive motion briefing, if such briefing has not been completed, (2) to complete all necessary discovery (including expert discovery), if such discovery has not been completed, (3) to prepare for trial, and (4) to try the case.

This letter is for settlement purposes and the Court's use only, and should not be served on opposing counsel.  Counsel shall submit their confidential settlement letter **of 10 or fewer pages** (including attachments) to chambers by e-mail to **leung_chambers@mnd.uscourts.gov**.

6. All prior consistent orders remain in full force and effect.

7. Failure to comply with any provision of this Order or any other consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that the undersigned may from time to time deem appropriate.

**IT IS SO ORDERED.**

Dated: October 23, 2020         *s/Tony N. Leung*
                                Tony N. Leung
                                United States Magistrate Judge
                                District of Minnesota

                                *West v. Townsquare Media, Inc.*
                                *19-cv-1219 DSD/TNL*